UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SIMONE CLARKE,

                                                      Plaintiff,

                    -against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
CLAUDETTE CHRISTIE, PRINCIPAL OF WATCH
HIGH SCHOOL,

                                                    Defendants.

**DEFENDANTS' ANSWER TO COMPLAINT**

18 Civ. 1850 (NGG)(JO)

------------------------------------------------------------------------ x

       Defendants Board of Education of the School District of the City of New York, operating as the New York City Department of Education, ("DOE"), and Claudette Christie ("Christie") (collectively, "Defendants"), by and through their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer ("Answer") to the Complaint of Plaintiff Simone Clarke ("Plaintiff" or "Clarke"), respectfully allege as follows:

       1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

       2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiff received an Unsatisfactory annual evaluation, was denied completion of probation with DOE, and was terminated from her employment by DOE.

       3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

       4.     Deny the allegations set forth in paragraph "4" of the Complaint.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff resides within the Eastern District.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Admit the allegations set forth in paragraph "8" of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Admit the allegations set forth in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that DOE is a city school district established pursuant to Title II, Article 52-A of the New York State Education Law, NY Educ. Law 2590, et seq.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Christie has been the Principal of World Academy for Total Community Health ("WATCH") High School.

13. Admit the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Plaintiff resumed teaching at DOE.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff had a child during the 2011-2012 school year.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that Plaintiff was appointed as an Interim Acting Assistant Principal at the High School for Law, Advocacy and Community for the 2012-2013 school year.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit that Plaintiff returned to DOE in May 2015 and that she supervised the mathematics, science, and special education departments at WATCH High School as an Interim Acting Assistant Principal.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Admit the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint, except admit that, on or about January 7, 2016, Christie directed Plaintiff to begin punching in upon arrival.

35. Deny the allegations set forth in paragraph "35" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff complained to her union.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Admit the allegations set forth in paragraph "40" of the Complaint.

41. Admit the allegations set forth in paragraph "41" of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint, except admit that one part-time staff member was directed to sit in Plaintiff's office.

44. Deny the allegations set forth in paragraph "44" of the Complaint, except admit that, in or around March 2016, Christie spoke to Plaintiff about leaning back in her chair and gossiping at work.

45. Admit the allegations set forth in paragraph "45" of the Complaint.

46. Admit the allegations set forth in paragraph "46" of the Complaint.

47. Admit the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint, except admit that Christie issued Plaintiff a letter to file on April 15, 2016.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint, except admit that, in or around May 2016, Christie told Plaintiff not to use the fifth-floor bathroom.

51. Deny the allegations set forth in paragraph "51" of the Complaint, except admit that Plaintiff requested an accommodation to use the fifth-floor bathroom.

52. Deny the allegations set forth in paragraph "52" of the Complaint, except admit that Christie issued Plaintiff a letter to file on June 8, 2016.

53. Deny the allegations set forth in paragraph "53" of the Complaint, except admit that Plaintiff met with Christie for Plaintiff's year-end conference on or about June 7, 2016.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint, except admit that Plaintiff requested a hearing to appeal her Unsatisfactory rating.

58. Admit the allegations set forth in paragraph "58" of the Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint.

60. Admit the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint, except admit that Principal Christie informed Plaintiff that her hours would be 7:45 a.m. to 3:45 p.m.

62. Deny the allegations set forth in paragraph "62" of the Complaint, except admit that Christie issued Plaintiff several letters to file during the fall of 2016.

63. Admit the allegations set forth in paragraph "63" of the Complaint.

64. Admit the allegations set forth in paragraph "64" of the Complaint.

65. Admit the allegations set forth in paragraph "65" of the Complaint.

66. Defendants repeat and reallege each and every response set forth in Paragraphs "1" through "65" above as if fully set forth at length in Paragraph "66" of the Answer.

67. As paragraph "67" of the Complaint constitutes a legal conclusion rather than any factual allegation, no response is required.

68. Admit the allegation set forth in paragraph "68" of the Complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. As paragraph "71" of the Complaint constitutes a legal conclusion rather than any factual allegation, no response is required.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Defendants repeat and reallege each and every response set forth in Paragraphs "1" through "79" above as if fully set forth at length in Paragraph "80" of the Answer.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Defendants repeat and reallege each and every response set forth in Paragraphs "1" through "83" above as if fully set forth at length in Paragraph "84" of the Answer.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

## FOR A FIRST DEFENSE

88. The Complaint fails to state any claim upon which relief may be granted.

## FOR A SECOND DEFENSE

89. At all times relevant to the matters alleged in the Complaint, Defendant's actions were reasonable, proper, lawful, constitutional, made in good faith, without malice, and in conformity with all applicable laws, rules, and regulations and Defendant has not violated any

- 8 -

rights, privileges, or immunities of the Plaintiff under the Constitution or laws of the United States, the State of New York, or any political subdivisions thereof.

## **FOR A THIRD DEFENSE**

90. Plaintiff has failed to exhaust her administrative remedies prior to suit.

## **FOR A FOURTH DEFENSE**

91. Any actions taken with respect to Plaintiff were undertaken for legitimate, non-discriminatory, and non-retaliatory business reasons. The actions taken would have been taken regardless of any alleged protected activity or status.

## **FOR A FIFTH DEFENSE**

92. Any injuries alleged in the Complaint were caused in whole or in part by plaintiff's culpable or negligent conduct and failure to mitigate.

**WHEREFORE,** Defendants respectfully request that this Court enter an order dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems to be just and proper.

Dated: New York, New York
May 16, 2018

        ZACHARY W. CARTER
        Corporation Counsel of the City of New York
        *Attorney for Defendants*
        100 Church Street, Room 2-193
        New York, New York 10007
        (212) 356-2533

By:     /s/
        Jenna Krueger
        Assistant Corporation Counsel
        jkrueger@law.nyc.gov

To: Bryan D. Glass, Esq.
    Attorney for Petitioner
    100 Church Street, Suite 800
    New York, NY 10007
    (212) 537-6859

18 Civ. 1850 (NGG)(JO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SIMONE CLARKE,

                                        Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; CLAUDETTE CHRISTIE, PRINCIPAL OF WATCH HIGH SCHOOL,

                                        Defendants.

## ANSWER TO THE COMPLAINT

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Rm 2-193*
*New York, N.Y. 10007*

*Of Counsel: Jenna Krueger*

*Tel: (212) 356-2533*

*Due and timely service is hereby admitted.*

*New York, N.Y. .......................................................... , 2018.*

*...................................................................................... Esq.*

*Attorney for............................................................................*