18-CV-01850 (NGG) (JO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SIMONE CLARKE,

                                                                                                 Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
CLAUDETTE CHRISTIE, Principal of Watch High School,

                                                                                                 Defendants.

---

### PLAINTIFF'S SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

**GLASS & HOGROGIAN LLP**

Attorneys for Plaintiff Simone Clarke
85 Broad Street, 18th Floor @ Wework
New York, NY 10004

Bryan D. Glass, Esq.
Jordan F. Harlow, Esq.
Tel: 212-537-6859
bglass@ghnylaw.com
jharlow@ghnylaw.com

Served November 8, 2019

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................. 2

ARGUMENT ................................................................................................................................ 2

    PLAINTIFF'S OPPOSITION IS ADMISSIBLE IN ITS SUMMARY JUDGMENT
    MOTION RESPONSE ........................................................................................................... 2

        A.    Affidavit by Mary Modica .............................................................................. 2

        B.    Other Documents Defendants Claim are Inadmissible ................................... 4

        C.    Audio Recordings Provided by Plaintiff ........................................................ 5

CONCLUSION ............................................................................................................................ 6

# TABLE OF AUTHORITIES

**Cases**

Am. Friends of Yeshivat Ohr Yerushalayim, Inc. v. United States,
   No. 04-CV-1798 (CPS), 2009 U.S. Dist. LEXIS 47986 (E.D.N.Y. June 9, 2009) .................... 5

Burlington Coat Factory Warehouse Corp. v. Exprit de Corp.,
   769 F.2d 919 (2d Cir. 1985) ................................................................................................ 5

Haas v. Delaware and Hudson Ry. Co.,
   282 Fed.Appx. 84 (2d Cir. 2008) ......................................................................................... 3

Hopkins v. AMTRAK,
   No. 08-CV-2965 (NGG) (RML), 2016 U.S. Dist. LEXIS 57236, at *46 (E.D.N.Y. Apr. 29, 2016) ........................................................................................................................................ 5

Outley v. City of New York,
   837 F.2d 587 (2d Cir.1988) ................................................................................................. 3

Perkins v. Mem. Sloane-Kettering Cancer Ctr.,
   02 Civ. 6493 (RJH), 2005 U.S. Dist. LEXIS 22541, at *44 (S.D.N.Y. Sep. 30, 2005) .............. 5

**Statutes**

Fed. R. Civ. P. 37(c)(1) ............................................................................................................ 2-3

Fed. R. Evid. 801(c)(2) ............................................................................................................. 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------- x
SIMONE CLARKE,

                         Plaintiff,

     – against –                             18-CV-1850 (NGG) (JO)


NEW YORK CITY DEPARTMENT OF
EDUCATION, CLAUDETTE CHRISTIE, Principal
of WATCH High School,

                        Defendants.

------------------------------------- X

## PLAINTIFF'S SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This Supplemental Reply Memorandum of Law is submitted on behalf of Plaintiff Simone Clarke in reply to Defendants' objections to certain documents relied upon by Plaintiff in her response to Defendants' summary judgment motion, which Defendants contend should be stricken at this time. For the following reasons, Plaintiff opposes that any such documents relied upon by Plaintiff be stricken. In fact, most of the documents Plaintiff relied upon were, in possession of Defendants and provided by Defendants to Plaintiff in discovery.

1

## PRELIMINARY STATEMENT

Defendants have alleged that Plaintiff improperly relied on inadmissible evidence in opposition to Defendants' motion for summary judgment. Specifically, Defendants allege that Plaintiff improperly included an affidavit from a witness, Mary Modica, as well as various photographs, text messages, and audio recordings and transcripts. Though Defendants claim that these documents were never produced during discovery or at any time prior to service of Plaintiff's Opposition, as will be shown below, this is incorrect. Further, Mary Modica only became known to Plaintiff's counsel as a relevant witness after discovery was completed. For the reasons set forth below and in Plaintiff's Opposition, the documents relied upon by Plaintiff in her Opposition are wholly admissible and should be considered and relied upon in denying Defendants' Motion for Summary Judgment.

## ARGUMENT

### PLAINTIFF'S OPPOSITION IS ADMISSIBLE IN ITS SUMMARY JUDGMENT MOTION RESPONSE

Plaintiff's Opposition does not rely on information or documents that are inadmissible in this matter. All of the information and documents were either produced to Defendants during discovery, or unavailable for production due to their late discovery by Plaintiff. Such submissions are admissible and may be considered by this Court in deciding Defendants' Motion.

**A. Affidavit by Mary Modica**

Rule 37(c)(1) of the Federal Rules of Civil Procedure ("FRCP") states that a party may not rely upon a witness to supply evidence on a motion if the party fails to identify the witness as

required by Rule 26(a) "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A district court has discretion whether to exclude such evidence:

> In determining whether the district court acted within its discretion, [the Second Circuit] considers (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance. The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence. Although a 'bad-faith' violation of Rule 26 is not required in order to exclude evidence pursuant to Rule 37, it can be taken into account as part of the party's explanation for its failure to comply. Haas v. Delaware and Hudson Ry. Co., 282 Fed.Appx. 84, 86 (2d Cir. 2008).

This analysis requires the district court to consider "the importance of the testimony to the case, the prejudice to the party inconvenienced, and the administrative difficulty which the court itself would face." Outley v. City of New York, 837 F.2d 587, 590 (2d Cir.1988). Moreover,

> [b]efore the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses. Considerations of fair play may dictate that courts eschew the harshest sanctions where failure to comply is due to a mere oversight of counsel amounting to no more than simple negligence. Id., 837 F.2d at 591.

In this case, Plaintiff met Mary Modica in late August of 2019, long after discovery had been closed and for reasons unrelated to Ms. Clarke's case. In her conversation with Ms. Modica, Plaintiff coincidentally learned that Ms. Modica had suffered a series of retaliatory events at the hands of Principal Christie that appeared remarkably similar to what Ms. Clarke had experienced. Ms. Modica then offered to assist Ms. Clarke. For these reasons, Plaintiff could not have identified

3

or disclosed Ms. Modica to Defendants prior to submission of her Opposition. Plaintiff therefore respectfully requests that Ms. Modica's affidavit be considered for purposes of the summary judgment motion adjudication.

### B. Other Documents Defendants Claim are Inadmissible

Defendants further identify four categories of documents they claim are inadmissible: (1) photos of Plaintiff around the time of her pregnancy; (2) copies of text messages between Plaintiff and a non-party witness, Sheila Hanley; (3) copies of text messages between Plaintiff and a non-party witness, Lori Huggins; and (4) transcripts of audio recordings between Plaintiff, Defendant Christie, and a non-party witness, Lindsay or Elizabeth Ramos.

    *i.    Photos of Plaintiff*

Defendants erroneously claim that Plaintiff failed to produce six photos to Defendants. These photos had originally been produced by Plaintiff to the New York City Commission on Human Rights. Thereafter, they were produced to Plaintiff <u>by Defendants</u> on October 18, 2018, as part of their discovery disclosures. These photos were identified as D0176-0181. <u>See</u> Glass Reply Dec. Ex. 1.

As to Defendants' argument that inclusion of these documents is an improper attempt to have the Court generate its own opinion of the timeline of events in this matter, this is also untrue. Plaintiff has included these photos to underscore how this case is largely predicated on a credibility determination between Plaintiff and Defendant Christie which should be determined by a jury, rather than on Summary Judgment.

    *ii.    Plaintiff's Text Messages with Non-Party Witnesses*

Similar to its argument in Section B(i), Defendants again erroneously claim that Plaintiff failed to produce text messages between Plaintiff and Sheila Hanley. These text messages had

4

originally been produced by Plaintiff to the New York City Commission on Human Rights. Thereafter, they were produced to Plaintiff by Defendants on October 18, 2018, as part of their discovery disclosures. These text messages are identified as D00166-175. Plaintiff also produced these text messages, identified as P0118-127. See Glass Reply Dec. Ex. 2. Although Plaintiff produced a longer version of this same text message chain, she did not rely on any of the contents of the text messages outside those messages that were previously produced. Production of the longer text message chain was done so merely for authentication purposes.

Plaintiff's text message exchanges are admissible, as Plaintiff had first-hand knowledge of their contents and is an appropriate witness to authenticate them. Nor is Plaintiff seeking to introduce the text messages "to prove the truth of the matter asserted in the statement," Fed. R. Evid. 801(c)(2); See Hopkins v. AMTRAK, No. 08-CV-2965 (NGG) (RML), 2016 U.S. Dist. LEXIS 57236, at *46 (E.D.N.Y. Apr. 29, 2016).

Furthermore, the cases cited by Defendants in support of their argument are readily distinguishable. None of the referenced cases struck text messages as inadmissible hearsay. See Burlington Coat Factory Warehouse Corp. v. Exprit de Corp., 769 F.2d 919 (2d Cir. 1985); Perkins v. Mem. Sloane-Kettering Cancer Ctr., 02 Civ. 6493 (RJH), 2005 U.S. Dist. LEXIS 22541, at *44 (S.D.N.Y. Sep. 30, 2005); Am. Friends of Yeshivat Ohr Yerushalayim, Inc. v. United States, No. 04-CV-1798 (CPS), 2009 U.S. Dist. LEXIS 47986 (E.D.N.Y. June 9, 2009)

### C. Audio Recordings Provided by Plaintiff

Finally, Plaintiff produced both edited and unedited audio recordings to Defendants' counsel, Jenna Kruger, on November 20, 2018. These audio recordings were hand-delivered on a thumb drive to Ms. Krueger, who acknowledged receipt of both the edited and unedited audio

recordings. See Glass Reply Dec. Ex. 3. Therefore, these audio recordings were timely disclosed and should be considered.

Additionally, Plaintiff produced a transcript of the full unedited audio recording. The unedited audio recording of Principal Christie and Plaintiff includes the conversations referenced on pages "2", "10"- "11", "14" - "18", and "17.". See Glass Reply Dec. Ex. 4.

Finally, Plaintiff produced a transcript of the full unedited audio recording of Elizabeth Ramos and Plaintiff. See Glass Reply Dec. Ex. 5.[1]

As Plaintiff adhered to her discovery obligations regarding the relied-upon audio recordings and transcript, there is no basis to preclude them.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court accept and consider all of Plaintiff's evidence in her summary judgment response, and deny Defendants' motion for summary judgment in its entirety, and allow the case to proceed to trial on all material factual issues.

Dated:   New York, New York
         November 8, 2019

                                        GLASS & HOGROGIAN LLP
                                        Attorneys for Plaintiff Clarke
                                        85 Broad Street, 18th Floor @ wework
                                        New York, NY 10004
                                        (212) 537-6859

                                        By: _____
                                            Bryan D. Glass, Esq.

---

[1] As the audio recordings were previously produced, Plaintiff decided to get the audio transcribed for the convenience of the court for purposes of the summary judgment motion. Lindsay and Elizabeth Ramos are the same person. The underlying contents--that contained in the audio recordings--was produced in a timely fashion to Defendants.