**EXHIBIT 3**



Bryan Glass <bglass@ghnylaw.com>

## RE: Simone Clarke v. NYCDOE et al. -proposed ediscovery terms and moving forward with discovery

1 message

**Krueger, Jenna (Law)** <jkrueger@law.nyc.gov>  Tue, Nov 20, 2018 at 5:41 PM
To: Bryan Glass <bglass@ghnylaw.com>

Hi Bryan,

I just received the thumb drive with the recordings. Thank you for sending it. Regarding e-discovery, I am waiting for the collection to be finished and set up in a document review platform. I don't expect the collection to be very big, but until I know exactly how many documents there are, I cannot commit to a firm date for the production.

Yes, I can draft the joint status conference letter. December 15th is a Saturday. I can check with Ms. Christie to confirm that she is available on the 14th, if that would work for you.

Thank you,

Jenna Krueger

Assistant Corporation Counsel

New York City Law Department | Labor & Employment Law Division

100 Church Street, Room 2-193 | New York, New York 10007

jkrueger@law.nyc.gov | (212) 356-2533

**From:** Bryan Glass [mailto:bglass@ghnylaw.com]
**Sent:** Tuesday, November 20, 2018 3:06 PM
**To:** Krueger, Jenna (Law)
**Subject:** Re: Simone Clarke v. NYCDOE et al. -proposed ediscovery terms and moving forward with discovery

Do you have a firm date for defendants providing us ediscovery responses?

Can we set December 15th for Ms. Christie's deposition?

I will drop off the audiofiles later today on a memory stick in the 100 Church Street delivery room on the ground floor.

I believe we also have a status letter to the court due and a status conference scheduled in early December? Do you want to start on the status letter?

Thanks,

On Tue, Nov 13, 2018 at 11:00 AM Krueger, Jenna (Law) <jkrueger@law.nyc.gov> wrote:

> Yes, I meant Ms. Christie's deposition. Sorry for the confusion.
>
> I don't have an exact date for when I can produce e-discovery, but will get one for you.
>
> What I want is the original, unedited files in native format with all metadata preserved. If Ms. Clarke recorded a conversation on her smart phone on May 20, 2016, the "native" format would be whatever type of file the phone automatically creates (e.g. mp3, mp4, MOV), the metadata of that file would reflect that the file was created on the date and time of the conversation, and the file should be exactly as it was when it was first recorded (with no content altered or removed). The metadata for the two video files I received indicate that the files were created on September 18, 2018. As I mentioned in the cover letter for the second request for the production of documents, the "May 20, 2016" file I received was 26 minutes long, but email correspondence between Ms. Clarke and an attorney from the NYC Commission on Human Rights refers to a 48-minute recording with the same file name. Based on Ms. Clarke's description of the contents of the 48-minute recording, it appears to be the same conversation from the shorter file I received.
>
> **Jenna Krueger**
>
> Assistant Corporation Counsel
>
> New York City Law Department | Labor & Employment Law Division
>
> 100 Church Street, Room 2-193 | New York, New York 10007
>
> jkrueger@law.nyc.gov | (212) 356-2533
>
> **From:** Bryan Glass [mailto:bglass@ghnylaw.com]
> **Sent:** Tuesday, November 13, 2018 10:30 AM
> **To:** Krueger, Jenna (Law)
> **Subject:** Re: Simone Clarke v. NYCDOE et al. -proposed ediscovery terms
>
> Thank you for your response.
>
> I am not sure what you mean by native video files. Can you clarify exactly what you are looking for?